[Civ. No. 24524. Fourth Dist., Div. One. Apr. 20, 1981.]

ALFREDO REYES, Petitioner, v.
THE SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;
HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA,
Real Party in Interest.

160

**COUNSEL**

Plourd, Blume, Scoville & Strickland and John W. Breeze for Petitioner.

No appearance for Respondent and for Real Party in Interest.

**OPINION**

**STANIFORTH, J.**—Petitioner Reyes seeks a writ of mandate ordering the Imperial County Superior Court to vacate its judgment for $750 in favor of real party Household Finance Corporation of California (HFC) entered after a trial de novo review of the original judgment in small claims court. The judgment was for a deficiency on a retail automobile loan subject to Civil Code section 2981 et seq. The superior court has failed, neglected or refused to carry out the disposition stated in our order of March 24, 1981, thus needlessly wasting further appellate court time. The petition is unopposed in this court.

Reyes contends the notice which is required to be sent in these cases under Civil Code section 2983.2 was sent here in English but should have been in Spanish because Reyes speaks no English and Civil Code section 1632 requires a Spanish translation be provided. Although the Automobile Sales Finance Act which applies to this transaction (Civ. Code, § 2981 et seq.) contains no requirements about the language for required documents under the statutes, separately enacted section 1632 provides certain contracts, leases, loans, and other agreements, if negotiated primarily in the Spanish language, must, upon request of the party to the contract, be provided in Spanish translation. Also, there must be a conspicuously displayed notice posted on the premises stating the availability of such translations. (§ 1632, subd. (b).) The concept of "contract or agreement" is defined to include later documents which substantially change the parties' rights and obliga-

tions. The penalty for violation of the statute is the right of rescission to the aggrieved party. There are no cases yet interpreting the statute. The statute specifically applies to the type of contract involved here, subject to section 2981 et seq. (§ 1632, subd. (a)(1).)

Here, HFC sent a deficiency notice under section 2983.2, hence the Automobile Sales Finance Act applies to this transaction, as does section 1632. ■ Further, it is clear the notice of repossession and deficiency under 2983.2 is a document which substantially affects the borrower's rights under the contract within the meaning of section 1632. Accordingly, if Reyes was entitled to a Spanish language copy of the original contract, he is also entitled to a Spanish translation of the deficiency notice.

■ The record establishes Reyes speaks no English. There is absolutely no evidence about the posting of a notice of available Spanish translations at the premises of HFC where the original contract was negotiated, nor is there any evidence whether Reyes requested a Spanish translation of the original contract. (There is reference to these matters in argument but no direct evidence.) Further, there is no evidence pertinent to rescission of the contract; for example, the record does not show the value of Reyes' use of the car before repossession, the precise unpaid balance, the amount of the original loan, or the manner of resale.

Since there is no competent evidence in the record establishing compliance with section 1632, and since the statute is at least presumptively applicable in light of Reyes' complete inability to understand English, the judgment cannot stand.

Let a writ of mandate issue directing the superior court to reverse the judgment in favor of HFC.

Brown (Gerald), P. J., and Cologne, J., concurred.